

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900
Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

E ....ng

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING
YOU HELP OTHERS, a California public
benefit corporation,

              Plaintiffs,

v.

KING OF THAI NOODLE #2 INC., a
California corporation; LAW SZE CHING;
and CHAN WEI YUNG

              Defendants.

CASE NO.
Civil Rights

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG and allege as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' KING OF THAI NOODLE HOUSE #2, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.     Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about October 26, 2007, October 28, 2007, December 2, 2007, February 17, 2008 and March 19, 2008, was an invitee, guest, patron, customer at defendants' ' KING OF THAI NOODLE HOUSE #2, in the City of San Francisco, California. At said time and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance and the restroom.   The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 346 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject KING OF THAI NOODLE HOUSE #2, and that the interests of plaintiff DREES in removing architectural barriers at the subject  KING OF THAI NOODLE HOUSE #2  advance the purposes of DREES to assure that all public accommodations, including the subject noodle house, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as the KING OF THAI NOODLE HOUSE #2, located at/near 346 Clement Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, own and operate in joint venture the subject the KING OF THAI NOODLE HOUSE #2 as a public accommodation. This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG are jointly and severally responsible to identify and remove architectural barriers at the subject KING OF THAI NOODLE HOUSE #2 pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

§ 36.201        General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The KING OF THAI NOODLE HOUSE #2, is a restaurant, located at/near 346 Clement Street, San Francisco, California.  The KING OF THAI NOODLE HOUSE #2, its entrance, restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the KING OF THAI NOODLE HOUSE #2 and each of its facilities,  its entrance and  restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the KING OF THAI NOODLE HOUSE #2 as being handicapped accessible and handicapped usable.

14.     On or about October 26, 2007, October 28, 2007, December 2, 2007, February 17, 2008 and March 19, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

KING OF THAI NOODLE HOUSE #2 , sometimes by himself and sometimes with friends, for purposes of having food and beverage.

15.    On or about October 26, 2007, plaintiff CRAIG YATES wheeled to subject restaurant in his power wheelchair. Plaintiff CRAIG YATES attempted to open the door but was unable to do so because the doormat moved while his chair was on it, the degree of slope at the double doors and the fact that the doors pulled out. A patron entering the subject restaurant opened the door for the plaintiff.

16.    At said time and place, plaintiff CRAIG YATES used his power wheelchair to move a purple partition which blocked access.

17.    At said time and place, plaintiff CRAIG YATES, after lunch, went to the unisex restroom. Plaintiff CRAIG YATES found that many elements of the unisex restroom were not accessible.

18.    At said time and place, plaintiff CRAIG YATES told his food server that something should be done about the partition.

19.    On or about October 28, 2007, plaintiff CRAIG YATES returned with his friend Les Jankey for dinner. Plaintiff CRAIG YATES attempted to open a door and struggled with it due to heavy door pressure. The entry area to the restaurant is sloped. A patron came to the door and opened the door for plaintiff CRAIG YATES and his friend Les Jankey.

20.    At said time and place, plaintiff CRAIG YATES, then encountered, the same large purple partition which blocked both doors and plaintiffs' ability to independently enter the restaurant. An employee moved the partition to allow plaintiff CRAIG YATES and his friend to enter.

21.    At said time and place, plaintiff CRAIG YATES used the restroom and found that some elements were not accessible.

22.    At said time and place, plaintiff CRAIG YATES told his food sever about the continuing problem with the partition, and that someone should look at the restroom and see that it's fully accessible.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       23.    On or about December 2, 2007, plaintiff CRAIG YATES once again, patronized

2   the KING OF THAI NOODLE HOUSE #2.  Plaintiff CRAIG YATES wheeled to the door.

3   Fortunately, a patron was exiting and held a door open.  Plaintiff CRAIG YATES had hoped that

4   the partition had been removed.  It was not.  Plaintiff CRAIG YATES try to get the attention of

5   an employee to move the partition.  This having failed, plaintiff CRAIG YATES used his power

6   wheelchair to push the partition.

7       24.    At said time and place, plaintiff CRAIG YATES used the unisex restroom and

8   encountered all the same architectural barriers.

9       25.    On or about December 13, 2007, plaintiff CRAIG YATES wrote both the

10   landlord and the tenant about the access issues with the hope that remedial measures would be

11   undertaken.  Plaintiff CRAIG YATES did not receive a response.

12       26.    On or about February 17, 2008, plaintiff CRAIG YATES returned to the KING

13   OF THAI NOODLE HOUSE #2.  Plaintiff CRAIG YATES's wheelchair spun on the doormat in

14   front of the double doors as plaintiff CRAIG YATES was attempting to open one (1) of the two

15   (2) double doors.  Plaintiff CRAIG YATES struggled with the door.  A woman passing by came

16   to assist plaintiff by opening the door.  A food server seeing plaintiff CRAIG YATES struggling

17   to get in came and moved the partition.

18       27.    At said time and place, plaintiff CRAIG YATES went to the restroom.  Plaintiff

19   CRAIG YATES encountered all of the same inaccessible elements.

20       28.    On or about March 19, 2008, plaintiff CRAIG YATES returned to the KING OF

21   THAI NOODLE HOUSE #2.  Plaintiff CRAIG YATES wheeled to the double doors and

22   struggled to open a door.  The unsecured mat curled up when plaintiff CRAIG YATES's

23   wheelchair was getting traction on the sloped entrance, and further complicating plaintiff CRAIG

24   YATES ability to open the door.  A waitress seeing plaintiff CRAIG YATES came to the door to

25   pull the mat and to remove the partition.

26       29.    At said time and place, plaintiff CRAIG YATES had his meal and used the

27   restroom.  The same inaccessible elements were still present.  No remedial work had been done.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject KING OF THAI NOODLE HOUSE #2  which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of an accessible entrance due to slope, double door pressure and partition blocking the entrance itself;

b.     lack of a secured mat at the entrance;

c.     lack of a fully handicapped-accessible unisex public restroom;

d.     lack of the ISA symbol of accessibility;

e.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

31.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

32.     On or about December 13, 2007, defendant(s) were sent two (2)  letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

33.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
2  bodily injury.

3      34.    As a legal result of defendants KING OF THAI NOODLE #2 INC., a California
4  corporation; LAW SZE CHING; and CHAN WEI YUNG's failure to act as a reasonable and
5  prudent public accommodation in identifying, removing or creating architectural barriers, policies,
6  practices and procedures that denied access to plaintiffs and other persons with disabilities,
7  plaintiffs suffered the damages as alleged herein.

8      35.    As a further legal result of the actions and failure to act of defendants, and as a
9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
10  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
11  CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical
12  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
13  about October 26, 2007, October 28, 2007, February 17, 2008 and March 19, 2008, including, but
14  not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up,
15  on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of
16  defendants negligence in the design, construction and maintenance of the existing entry doors,
17  placement of loose mat on a slope and excessive door pressure, plaintiff suffered continuous,
18  repetitive and cumulative trauma to his upper extremity while attempting to open a double door.

19      36.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
20  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
21  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
22  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
23  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional
24  distress over and above that usually associated with the discrimination and physical injuries
25  claimed, and no expert testimony regarding this usual mental and emotional distress will be
26  presented at trial in support of the claim for damages.

27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

38.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants  KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, because defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

39.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

40.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the KING OF THAI NOODLE HOUSE #2 to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the KING OF THAI NOODLE HOUSE #2 as a public facility.

41.    Plaintiffs seek damages for violation of their civil rights on October 26, 2007, October 28, 2007, December 2, 2007, February 17, 2008 and March 19, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

///

///

1  CRAIG YATES from returning to the subject public accommodation because of his knowledge

2  and/or belief that neither some or all architectural barriers had been removed and that said

3  premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

4        42.    On information and belief, defendants have been negligent in their affirmative duty

5  to identify the architectural barriers complained of herein and negligent in the removal of some or

6  all of said barriers.

7        43.    Because of defendants' violations, plaintiffs and other persons with physical

8  disabilities are unable to use public facilities such as those owned and operated by defendants on a

9  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

10 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

11 other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

12 defendants to make the restaurant accessible to persons with disabilities.

13       44.    On information and belief, defendants have intentionally undertaken to modify and

14 alter existing building(s), and have failed to make them comply with accessibility requirements

15 under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

16 of them, in failing to provide the required accessible public facilities at

17 the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

18 despicable conduct carried out by defendants, and each of them, with a willful and conscious

19 disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

20 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

21 profound example of defendants, and each of them, to other operators of other restaurants and

22 other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code

23 §§ 51, 51.5 and 54.

24       45.    Plaintiffs are informed and believe and therefore allege that defendants KING OF

25 THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG,

26 and each of them, caused the subject building(s) which constitute the KING OF THAI NOODLE

27 HOUSE #2 to be constructed, altered and maintained in such a manner that persons with physical

28 disabilities were denied full and equal access to, within and throughout said building(s) of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

restaurant and were denied full and equal use of said public facilities. Furthermore, on

information and belief, defendants have continued to maintain and operate said noodle house

and/or its building(s) in such conditions up to the present time, despite actual and constructive

notice to such defendants that the configuration of the KING OF THAI NOODLE HOUSE #2

and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as

plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community

which DREES serves. Such construction, modification, ownership, operation, maintenance and

practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

46.    On personal knowledge, information and belief, the basis of defendants' actual and

constructive notice that the physical configuration of the facilities including, but not limited to,

architectural barriers constituting the restaurant and/or building(s) was in violation of the civil

rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon

modification, improvement, or substantial repair of the subject premises and other properties

owned by these defendants, newspaper articles and trade publications regarding the Americans

with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'

failure, under state and federal law, to make the KING OF THAI NOODLE HOUSE #2 accessible

is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly

situated persons with disabilities. Despite being informed of such effect on plaintiff and other

persons with physical disabilities due to the lack of accessible facilities, defendants, and each of

them, knowingly and willfully refused to take any steps to rectify the situation and to provide full

and equal access for plaintiffs and other persons with physical disabilities to the KING OF THAI

NOODLE HOUSE #2. Said defendants, and each of them, have continued such practices, in

conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

the date of filing of this complaint, and continuing thereon. Defendants had further actual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

2  to the defendants and served concurrently with the summons and complaint.  Said conduct, with

3  knowledge of the effect it was and is having on plaintiffs and other persons with physical

4  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

5  plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

6  Civil Code §§52 and 54.3.

7          47.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

8  the disability community which it serves, consisting of persons with disabilities, would, could and

9  will return to the subject public accommodation when it is made accessible to persons with

10  disabilities.

11  **I.**    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
          **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
12          **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
          (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
13          EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
          corporation and Against Defendants KING OF THAI NOODLE #2 INC., a California
14          corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive)
          (42 U.S.C. §12101, *et seq.*)
15
          48.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
16
    allegations contained in paragraphs 1 through 47 of this complaint.
17
          49.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
18
    §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
19
    protect:
20
                some 43 million Americans with one or more physical or mental
21                disabilities; [that] historically society has tended to isolate and
                segregate individuals with disabilities; [that] such forms of
22                discrimination against individuals with disabilities continue to be a
                serious and pervasive social problem; [that] the nation's proper
23                goals regarding individuals with disabilities are to assure equality of
                opportunity, full participation, independent living and economic
24                self-sufficiency for such individuals; [and that] the continuing
                existence of unfair and unnecessary discrimination and prejudice
25                denies people with disabilities the opportunity to compete on an
                equal basis and to pursue those opportunities for which our free
26                society is justifiably famous.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

52.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

53.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

    (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

    (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

    (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

54.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of said restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

55.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

56.    On information and belief, construction work on, and modifications of, the subject building(s) of KING OF THAI NOODLE HOUSE #2  occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

57.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

58.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about March 19, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

59.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting

1  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

2  deemed to be the prevailing party.

3       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

4  **II.**    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
   IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

5      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

6  corporation, and Against Defendants KING OF THAI NOODLE #2 INC., a California
   corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive)

7  (California Civil Code §§54, 54.1, 54.3, *et seq.)*

8      60.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

9  allegations contained in paragraphs 1 through 59 of this complaint.

10      61.    At all times relevant to this action, California Civil Code §54 has provided that

11  persons with physical disabilities are not to be discriminated against because of physical handicap

12  or disability.  This section provides that:

13          (a) Individuals with disabilities . . . have the same rights as
    the general public to full and free use of the streets, highways,

14          sidewalks, walkways, public buildings, medical facilities, including
    hospitals, clinics, and physicians' offices, and other public places.

15      62.    California Civil Code §54.1 provides that persons with disabilities shall not be

16  denied full and equal access to places of public accommodation or facilities:

17          (a)(1) Individuals with disabilities shall be entitled to full

18      and equal access, as other members of the general public, to
    accommodations, advantages, facilities, medical facilities, including

19  hospitals, clinics, and physicians' offices, and privileges of all
    common carriers, airplanes, motor vehicles, railroad trains,

20  motorbuses, streetcars, boats, or any other public conveyances or
    modes of transportation (whether private, public, franchised,

21  licensed, contracted, or otherwise provided), telephone facilities,
    adoption agencies, private schools, hotels, lodging places, places of

22  public accommodation, amusement or resort, and other places to
    which the general public is invited, subject only to the conditions

23  and limitations established by law, or state or federal regulation, and
    applicable alike to all persons.

24      Civil Code §54.1(a)(1)

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    63.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3            (d) A violation of the right of an individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-336) also
4            constitutes a violation of this section, and nothing in this section
             shall be construed to limit the access of any person in violation of
5            that act.

6            Civil Code §54.1(d)

7    64.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9  the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

10 architectural barrier which defendants knowingly and willfully fail and refuse to remove

11 constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12 continue to be denied full and equal access to defendants' noodle house.  As a legal result,

13 plaintiffs are entitled to seek damages pursuant to a court or jury determination in accordance with

14 California Civil Code §54.3(a) for each day on which they visited or have been deterred from

15 visiting the KING OF THAI NOODLE HOUSE #2 because of their knowledge and belief that the

16 restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

17           Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
18           in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
19           liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
20           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
21           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
22           Sections 54, 54.1 and 54.2.

23           Civil Code §54.3(a)

24   65.    On or about October 26, 2007, October 28, 2007, December 2, 2007, February 17,

25 2008 and March 19, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and

26 54.1 in that plaintiff CRAIG YATES was denied access to  the entrance, restroom and other

27 public facilities as stated herein at the KING OF THAI NOODLE HOUSE #2 and on the basis

28 that plaintiff CRAIG YATES was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

66.   As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES  suffered physical discomfort, bodily injury on or about October 26, 2007, October 28, 2007, February 17, 2008 AND March 19, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing sloped entrance, movable mat, excessive door pressure, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his upper extremity while attempting to open the double doors.

67.   Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

68.   Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about October 26, 2007, October 28, 2007, December 2, 2007, February 17, 2008 and March 19, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    69.    As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

6  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

8  to compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

11

12  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
13       (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
14       corporation and Against Defendants  KING OF THAI NOODLE #2 INC., a California
         corporation; LAW SZE CHING; and CHAN WEI YUNG,  inclusive)
15       (Health & Safety Code §19955, *et seq.*)

16    70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 69 of this complaint.

18    71.    Health & Safety Code §19955 provides in pertinent part:

19       The purpose of this part is to insure that public accommodations or
         facilities constructed in this state with private funds adhere to the
20       provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
         of Title 1 of the Government Code.  For the purposes of this part
21       "public accommodation or facilities" means a building, structure,
         facility, complex, or improved area which is used by the general
22       public and shall include auditoriums, hospitals, theaters, restaurants,
         hotels, motels, stadiums, and convention centers.  When sanitary
23       facilities are made available for the public, clients or employees in
         such accommodations or facilities, they shall be made available for
24       the handicapped.

25    72.    Health & Safety Code §19956, which appears in the same chapter as §19955,

26  provides in pertinent part, "accommodations constructed in this state shall conform to the

27  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

28  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

public accommodations constructed or altered after that date. On information and belief, portions of the KING OF THAI NOODLE HOUSE #2 and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the noodle house and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

73.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

74.    Restaurants such as the KING OF THAI NOODLE HOUSE #2 are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

75.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

76.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

2  and to take such action both in plaintiffs' own interests and in order to enforce an important right

3  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

4  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

5  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

6  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

7  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

8  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

9  party.

10       77.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

11  them, to make the subject place of public accommodation readily accessible to and usable by

12  persons with disabilities.

13       Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

14  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

15

16  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG,  inclusive)

17

18  (Civil Code §51, 51.5)

19       78.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

20  allegations contained in paragraphs 1 through 77 of this complaint.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

79.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

80.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

81.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §48, *et seq*., as if repled herein.

82.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on or about October 26, 2007, October 28, 2007, February 17, 2008 and March 19, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance, door

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  pressure, entry slope and movable mat, plaintiff suffered continuous, repetitive and cumulative

2  trauma to his right upper extremity while attempting to gain entrance to the restaurant.

3      83.    Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

4  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

5  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

6  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

7  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

8  statute, according to proof if deemed to be the prevailing party.

9  **PRAYER:**

10     Plaintiffs pray that this court award damages and provide relief as follows:

11  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
12      DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
13      EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants KING OF THAI NOODLE #2 INC., a California
14      corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive)
        (42 U.S.C. §12101, *et seq.*)

15      1.     For injunctive relief, compelling defendants KING OF THAI NOODLE #2 INC., a

16  California corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive, to make the

17  KING OF THAI NOODLE HOUSE #2, located at 346 Clement Street San Francisco, California,

18  readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and

19  to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

20  afford full access to the goods, services, facilities, privileges, advantages and accommodations

21  being offered.

22      2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

23  the prevailing party; and

24      3.     For such other and further relief as the court may deem proper.

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive, to make the KING OF THAI NOODLE HOUSE #2, located at 346 Clement Street San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG , inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive, to make the KING OF THAI NOODLE HOUSE #2, located at 346 Clement Street San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff CRAIG YATES, and Against Defendants KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG,
4  inclusive)
   (California Civil Code §§51, 51.5, *et seq* )

5     1.     General and compensatory damages to plaintiff CRAIG YATES according to
6  proof.
7

8  Dated: _____, 2008          THOMAS E. FRANKOVICH
9                                       *A PROFESSIONAL LAW CORPORATION*
10
11                           By:_____
                                    THOMAS E. FRANKOVICH
12                       Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS
                         ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU
13                       HELP OTHERS, a California public benefit corporation
14
                              **DEMAND FOR JURY TRIAL**
15
         Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
16
   Dated: _____, 2008          THOMAS E. FRANKOVICH
17                                       *A PROFESSIONAL LAW CORPORATION*
18
19                           By:_____
                                    THOMAS E. FRANKOVICH
20                       Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS
                         ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU
21                       HELP OTHERS, a California public benefit corporation
22
23
24
25
26
27
28

   COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                            28

# EXHIBIT A

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

December 13, 2007

Manager
King of Thai
346 Clement St.
San Francisco, CA 94118

Dear Manager of King of Thai:

Recently, I was at King of Thai for dinner on three occasions. I came with a friend on one. We both use wheelchairs. We had problems getting in because of the slope and a piece of furniture inside. It's a partition. Between the double doors, slope and partition, it's really hard to get in. I had the same problems the last 2 times getting in. I told employees about this but nothing has been done. There are also problems with the restroom that you should fix. The grab bars had shelves over them. Dispensers, faucet and mirrors were not correct. They should be easy for you to fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to King of Thai once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

December 13, 2007

Owner of Building
King of Thai
346 Clement St.
San Francisco, CA 94118

Dear Owner of Building for King of Thai:

Recently, I was at King of Thai for dinner on three occasions. I came with a friend on one. We both use wheelchairs. We had problems getting in because of the slope and a piece of furniture inside. It's a partition. Between the double doors, slope and partition, it's really hard to get in. I had the same problems the last 2 times getting in. I told employees about this but nothing has been done. There are also problems with the restroom that you should fix. The grab bars had shelves over them. Dispensers, faucet and mirrors were not correct. They should be easy for you to fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to King of Thai once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates