STEVEN ADAIR MAC DONALD, ESQ. (SBN 103512)
JETHRO S. BUSCH (SBN 099406)
HILARY K. HEDEMARK (SBN 255882)
**STEVEN ADAIR MAC DONALD & ASSOCIATES, P. C.**
870 Market Street, Suite 500
San Francisco, CA 94102
Tel: (415) 956-6488
Fax: (415) 956-8698

Attorneys for Defendants
SZE CHING LAW, and
WEI YUNG CHAN
(sued as LAW SZE CHING and CHAN WEI YUNG)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICE: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KING OF THAI NOODLE #2 INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG,<br><br>Defendants. | Case No. 08-01877 WHA<br><br>Civil Rights<br><br>ANSWER OF SZE CHING LAW AND WEI YUNG CHAN<br><br>Complaint Filed: April 8, 2008<br><br>DEMAND FOR JURY |

COMES NOW Defendants SZE CHING LAW (sued as Law Sze Ching) and WEI YUNG CHAN (sued as Chan Wei Yung) ("Defendants") who admit, deny and allege as follows:

### Introduction

1.  Defendants acknowledge that Plaintiffs bring this action as a civil rights action for discrimination, but deny any discrimination, statutory violations or liability of any nature on their part. Defendants admit that KING OF THAI NOODLE HOUSE #2 is a place of public accommodation as defined by state and federal law. Defendants lack sufficient knowledge,

information or belief to respond to Plaintiffs' allegation that YATES or the members of DREES are members of the class of persons with physical disabilities and on that basis, deny it. Defendants deny the remaining allegations of paragraph 1.

2. Defendants lack sufficient knowledge, information or belief to respond to Plaintiffs' allegation that YATES is a person with physical disabilities or that YATES was guest at KING OF THAI NOODLE HOUSE #2 on the dates alleged and on that basis, deny them. Defendants' further deny that they failed to provide "proper legal access" to KING OF THAI NOODLE HOUSE #2. Defendants deny the allegation that YATE'S civil rights were violated in that the restaurant was accessible, and further deny Plaintiffs' allegation that YATES was embarrassed and humiliated, even if he found the restaurant inaccessible, since he continuously, purposefully and proactively seeks out properties that he believes do not comply with federal or state law. Defendants deny all other allegations in paragraph 2.

### Jurisdiction and Venue

3. The Court lacks subject matter jurisdiction over this matter. Defendants contend that KING OF THAI NOODLE HOUSE #2, the subject premises of the complaint, is fully accessible, and that therefore there is no basis for relief under federal law. As there is no federal question jurisdiction, this Court should decline to assert jurisdiction over the state law claim. See e.g. *Molski v. Mandarin Touch Restaurant* (2005) 359 F. Supp 2d 924.

4. Defendants do not contest venue.

### Parties

5. Defendants lack sufficient knowledge, information or belief to respond to Plaintiffs' allegations regarding YATES' physical condition. On that basis, Defendants deny those allegations. To the extent Plaintiffs allege legal conclusions in paragraph 5, no response is required.

6. Defendants lack sufficient knowledge, information or belief to respond to DISABILITY RIGHTS, ENFORCEMENT, EDUCTION, SERVICES" HELPING YOU HELP OTHERS' (herein referred to as "DREES") allegations in paragraph 6, and on that basis deny them. At least one federal court has already determined that DREES lacks standing in these cases. See e.g. *Molski v. Mandarin Touch Restaurant*, (2005) 359 F. Supp 2d 924.

7. Defendants deny that the members of DREES' alleged interest and further deny that DREES is entitled to the relief sought or any other relief in this action. At least one federal court has already determined that DREES lacks standing in these cases. See e.g. *Molski v. Mandarin Touch Restaurant*, (2005) 359 F. Supp 2d 924.

8. Responding Defendants deny they are the operators of KING OF THAI NOODLE HOUSE #2 located at 346 Clement Street, San Francisco, California. Defendants admit that they leased the premises to THANU CHAICHANA and SARANYA CHAICHANA for the operation of the restaurant KING OF THAI NOODLE HOUSE #2 located at 346 Clement Street, San Francisco, California. Defendants further admit that KING OF THAI NOODLE HOUSE #2 is a "place of public accommodation" as that term is defined by the ADA and state law. Defendants deny all other allegations in paragraph 8.

9. Responding Defendants deny the joint enterprise or joint venture as alleged in paragraph 9.

10. The regulation cited requires no response. Defendants deny the remaining allegations of paragraph 10.

## PRELIMINARY FACTUAL ALLEGATIONS

11. Defendants admit that KING OF THAI NOODLE HOUSE #2 is a restaurant and is a place of public accommodation. Defendants deny the remaining allegations in paragraph 11.

12. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 12, and on that basis deny them.

13. Defendants deny advertising or publicizing KING OF THAI NOODLE HOUSE #2 as handicapped accessible.

14. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 14, and on that basis deny them.

15. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 15, and on that basis deny them.

16. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 16, and on that basis deny them.

17. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 17, and on that basis deny them.

18. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 18, and on that basis deny them.

19. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 19, and on that basis deny them.

20. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 20, and on that basis deny them.

21. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 21, and on that basis deny them.

22. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 22, and on that basis deny them.

23. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 23, and on that basis deny them.

24. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 24, and on that basis deny them.

25. Defendants deny that they received a letter purportedly from Plaintiff YATES dated December 13, 2007, and deny the remaining allegations of paragraph 25.

26. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 26, and on that basis deny them.

27. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 27, and on that basis deny them.

28. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 28, and on that basis deny them.

29. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 29, and on that basis deny them.

30. This paragraph is a legal statement, not a factual allegation, and requires no response.

31. This paragraph is a legal statement, not a factual allegation, and requires no response.

32. Defendants deny that they received a letter purportedly from Plaintiff YATES dated December 13, 2007 that stated the suggested changes would be easy to fix. Defendants also deny the remaining the remaining allegations in paragraph 32.

33. This paragraph is a legal statement, not a factual allegation, and requires no response. Nevertheless, Defendants deny that they were "negligent per se" or that the doctrine of negligence per se has any relevance to Plaintiffs' claims.

34. This paragraph is a legal statement, not a factual allegation, and requires no response.

35. This paragraph is a legal statement, not a factual allegation, and requires no response. In addition, Defendants lack the knowledge, information or belief that Plaintiff YATES sustained any injury that he purports to have sustained.

36. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 36, and on that basis deny them.

37. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 37, and on that basis deny them.

38. Defendants deny the allegations in paragraph 38.

39. This paragraph is a legal statement, not a factual allegation, and requires no response.

40. This paragraph is a legal statement, not a factual allegation, and requires no response. Nevertheless, Defendants respond further that at all relevant times the restaurant was fully accessible to persons using wheelchairs, and that therefore no injunctive relief is necessary or available.

41. Defendants deny the allegations in paragraph 41.

42. This paragraph is a legal statement, not a factual allegation, and requires no response.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. This paragraph is a legal statement, not a factual allegation, and requires no response.

47. The allegations in paragraph 47 are purely speculative and are not based on past or present facts. No response is required.

## First Cause of Action

48. Defendants replead and incorporate by reference their responses to paragraph 1 through 47 of the complaint.

49. There are no factual allegations in paragraph 49 to which Defendants need respond.

50. There are no factual allegations in paragraph 50 to which Defendants need respond.

51. There are no factual allegations in paragraph 51 to which Defendants need respond.

52. There are no factual allegations in paragraph 52 to which Defendants need respond.

53. There are no factual allegations in paragraph 53 to which Defendants need respond.

54. Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 54, and on that basis deny them.

55. Defendants admit that the term "readily achievable" means "easily accomplishable and able to be carries out without much difficulty or expense." Defendants deny all other allegations in paragraph 55.

56.	Defendants lack sufficient knowledge, information or belief to respond to the allegations in paragraph 56, and on that basis deny them.

57.	Defendants deny the factual allegations in paragraph 57 and do not respond to the legal recitations contained therein.

58.	Defendants deny the factual allegations in paragraph 58 and do not respond to the legal recitations contained therein.

59.	Defendants acknowledge that Plaintiffs seek the damages claimed in paragraph 59 but deny that Plaintiffs are entitled to any such damages.

### Second Cause of Action

60.	Defendants replead and incorporate by reference their responses to paragraph 1 through 59 of the complaint.

61.	No response is required to the legal conclusions and law set forth by Plaintiffs in paragraph 61.

62.	No response is required to the legal conclusions and law set forth by Plaintiffs in paragraph 62.

63.	No response is required to the legal conclusions and law set forth by Plaintiffs in paragraph 63.

64.	No response is required to the legal conclusions and law set forth by Plaintiffs in paragraph 64. Defendants deny the remaining allegations.

65.	No response is required to the legal conclusions and law set forth by Plaintiffs in paragraph 65. Defendants deny the remaining allegations.

66.	Defendants deny that Plaintiffs suffered statutory violations or damages of any nature.

67. Defendants deny that Plaintiffs suffered statutory violations or damages of any nature.

68. Defendants deny that Plaintiffs suffered statutory violations or damages of any nature, or that Plaintiff is entitled to the recovery claimed.

69. Defendants deny that any of its actions, if any caused Plaintiffs to incur legal fees.

### Third Cause of Action

70. Defendants replead and incorporate by reference their responses to paragraph 1 through 69 of the complaint.

71. Defendants need not respond to the law set forth in paragraph 71.

72. Defendants need not respond to the law or legal conclusions set forth in paragraph 71. Defendants lack the knowledge, information and belief of the allegations in paragraph 71, and on that basis, deny them.

73. Defendants need not respond to the law set forth in paragraph 73.

74. Defendants admit that KING OF THAI NOODLE HOUSE #2 is a "public accommodation" within the meaning of the Health & Safety Code.

75. Defendants deny the allegations in paragraph 75. Plaintiffs cannot reasonably claim injury given that YATES is a professional disability advocate and proactively seeks out, or is directed to, properties which he anticipates are not in compliance with disability access laws.

76. Defendants acknowledge that Plaintiffs seeking recovery of attorneys' fees in this action, but deny that Defendants' actions were wrongful or caused Plaintiffs to incur attorneys fees. Defendants further deny that Plaintiffs are entitled to the relief requested.

77. Defendants acknowledge that Plaintiffs seek injunctive relief in this action, but deny that Plaintiffs are entitled to the relief.

### Fourth Cause of Action

78. Defendants replead and incorporate by reference their responses to paragraph 1 through 77 of the complaint.

79. No response is needed to the extent that Plaintiffs allege legal conclusions or quote California Civil Code. Defendants deny the remaining allegations.

80. No response is needed to the extent that Plaintiffs allege legal conclusions or quote California Civil Code. Defendants deny the remaining allegations.

81. Defendants specifically deny that their actions resulted in denying Plaintiffs equal access or any other harm. Defendants deny all remaining allegations in paragraph 81.

82. Defendants deny allegations in paragraph 82.

83. Defendants deny allegations in paragraph 83.

### Prayer for Relief

I. Defendants deny that Plaintiffs are entitled to the relief prayed for.

II. Defendants deny that Plaintiffs are entitled to the relief prayed for.

III. Defendants deny that Plaintiffs are entitled to the relief prayed for.

IV. Defendants deny that Plaintiffs are entitled to the relief prayed for.

V. Defendants deny that Plaintiffs are entitled to the relief prayed for.

VI. Defendants deny that Plaintiffs are entitled to the relief prayed for.

To the extent not expressly admitted herein, Defendants deny generally and specifically each and every material allegation contained in Plaintiffs' complaint, and further deny that

Plaintiffs have been damaged in any way and / or amount by reason of any act or omission of either Defendant or any person or entity for which Defendants are responsible under law and/ or in fact.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.  Plaintiffs' complaint, and each "cause of action" purportedly contained therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Fault)

2.  If Defendants are adjudged, decreed, or otherwise determine to be liable to Plaintiffs, then Defendants would be entitled to apportion the degree of their fault or responsibility with and between the degree of fault or responsibility attributable to Plaintiffs and/or to any other responsible parties, either named or unnamed. The amount of damages attributable to these answering Defendants, if any, must be abated, reduced, or eliminated to the extend that the Plaintiffs' own fault, or the fault of any other parties, contributed to Plaintiffs' damages.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

3.  Plaintiffs failed to mitigate their damages, if any there were any damages.

///

///

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4. Plaintiffs' complaint and each cause of action therein are barred by the applicable statute of limitations provision of both State and Federal law.

### FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

5. Neither Plaintiff has standing to bring this lawsuit. Federal Court jurisdiction is premised on the need for injunctive relief. No injunctive relief is available since the property is and was fully accessible. As this Court can provide no relief for Plaintiffs, and in fact they have no injury redressable under federal law, they lack standing. Plaintiff DREES further lacks standing because it, as an organization, was never at the premises, and therefore could not have suffered damages.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

6. Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust their administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

(Substantial Compliance with State and Federal Law)

7. Plaintiffs' claims are barred, in whole or in part, because Defendants have substantially, if not fully, complied with the requirements of both State and Federal disability law.

///

///

///

### EIGTH AFFIRMATIVE DEFENSE

(Double Recovery / Failure to Elect)

8. Plaintiffs improperly seek a windfall by claiming duplicative damages for the same conduct.

### NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Litigants such as Plaintiffs have been deemed "vexations litigants," and Plaintiffs' counsel has been sanctioned for his methods in prosecuting disability access cases. See *Molski v. Mandarin Touch Restaurant,* (2005) 359 F. Supp 2d 924.

### ELEVENTH AFFIRMATIVE DEFENSE

(Mootness)

11. Plaintiffs' claims for relief are moot, and this court lacks jurisdiction. Defendants cannot anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in the complaint and the early state of the litigation. Accordingly, Defendants reserve the right to assert additional defenses that prove to be applicable.

### TWEFLTH AFFIRMATIVE DEFENSE

(Fault of Another)

12. If Defendants are adjudged, decreed, or otherwise determined to be liable to Plaintiffs, then Defendants would be entitled to apportion the degree of their fault or

1  responsibility with and between the fault or responsibility attributable to other parties, including,
2  but not limited to other Defendants, either named or unnamed.
3       WHEREFORE, Defendants LAW SZE CHING and CHAN WEI YOUNG, pray that
4  judgment be entered as follows:
5       1.   That Plaintiffs take nothing by reason of the complaint and that judgment be
6  entered in favor of Defendants;
7       2.   That Defendants be awarded attorneys' fees and costs;
8       3.   That Defendants be awarded costs of suit herein, and
9       4.   For such other and further relief as the court deems just and proper.

DATED:   June 9, 2008              Respectfully submitted,

                                   By: /s/ Jethro S. Busch
                                   JETHRO S. BUSCH, ESQ.
                                   Attorney for Defendants
                                   LAW SZE CHING and
                                   CHAN WEI YUNG

### DEMAND FOR JURY TRIAL

Defendants SZE CHING LAW (sued as Law Sze Ching) and WEI YUNG CHAN (sued as Chan Wei Yung) request a jury trial for all causes of action and/or claims for which a jury is permitted in the above-referenced matter.

DATED:

                                   Respectfully submitted,

                                   By: /s/ Jethro S. Busch
                                   JETHRO S. BUSCH, ESQ.
                                   Attorney for Defendants
                                   SZE CHING LAW and
                                   WEI YUNG CHAN

## PROOF OF SERVICE BY FIRST CLASS MAIL

I, SUMMER C. BENAVIDES, declare:

I am employed within the City and County of San Francisco. My business address is 870 Market Street, Suite 500, San Francisco, California 94102. I am over the age of eighteen and not a party of the within action.

On June 9, 2008, I served the following:

**1. Answer of Sze Ching Law and Wei Yung Chan.**

upon the party(ies) by putting the same in an envelope, postage prepaid, and depositing same in a United States Postal Service mailbox to the address as follows:

Janet Brayer
Law Offices of Janet Brayer
20 California St. Suite 201
San Francisco, CA 94111

Thomas E. Frankovich
2806 Van Ness Avenue
San Francisco, CA 94109

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 9, 2008, at San Francisco, California.

SUMMER C. BENAVIDES