LAW OFFICES OF JANET BRAYER
JANET BRAYER (SBN 117397)
20 California Street,  Suite 201
San Francisco, California 94111
Telephone:  (415) 445-9555
COMPLAINTsimile:  (415) 445-9541

Attorney for Defendant
KING OF THAI NOODLE #2, INC.,
A California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES-HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KING OF THAI NOODLE #2, INC., a California corporation; LAW SZE CHING; and CHAN WEI YUNG,<br><br>    Defendant. | Case No. 08-1877-WHA<br><br>**DEFENDANT KING OF THAI NOODLE #2, INC., A California Corporation ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

   COME NOW Defendant KING OF THAI NOODLE #2, a California Corporation

("Defendant") and answers the COMPLAINT of CRAIG YATES, an individual and "DREES"

("Plaintiffs") as follows:

   Paragraph 1 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

to the allegations in paragraph 1 of the COMPLAINT, and on that basis, Defendant denies them.

   Paragraph 2 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

to the allegations in paragraph 2 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 3 of the COMPLAINT:   Defendant admits that the court has jurisdiction in this action, including supplemental (referred to as "pendant" in the COMPLAINT) jurisdiction over the state causes of action.  Defendant reserve the right to petition the court to decline the exercise of supplemental jurisdiction, under 28 U.S.C. 1367(c).

Paragraph 4 of the COMPLAINT:   Defendant admits that if Plaintiffs have standing and jurisdiction exists, that venue is proper.

Paragraph 5 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 6 of the COMPLAINT, and on that basis, Defendant denies them, save as set forth herein

Paragraph 6 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 6 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 7 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 7 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 8 of the COMPLAINT:   Defendant hereby admits that Defendant operated the restaurant located at 346 Clement.  Defendant denies each and every other allegation of paragraph 8 of the COMPLAINT.

Paragraph 9 of the COMPLAINT:   Defendant hereby admits that Defendant operated the restaurant located at 346 Clement.  Defendant denies each and every other allegation of paragraph 9 of the COMPLAINT.

Paragraph 10 of the COMPLAINT:  Defendant hereby generally denies each and every allegation of paragraph 10 of the COMPLAINT.

Paragraph 11 of the COMPLAINT:   Defendant admits that King of Thai Noodle House is a restaurant located at 346 Clement Street.   Defendant denies that he has engaged in "alterations, structural repairs, and additions."  Defendant lacks information sufficient to form a belief as to each

1    and every other allegation in paragraph 11 of the COMPLAINT, and on that basis, Defendant denies

2    them.

3            Paragraph 12 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

4    to the allegations in paragraph 12 of the COMPLAINT, and on that basis, Defendant denies them.

5            Paragraph 13 of the COMPLAINT:  Defendant denies it made any such representations.

6    Defendant lacks information sufficient to form a belief as to the allegations as to other Defendant

7    contained in paragraph 13 of the COMPLAINT, and on that basis, Defendant denies them.

8

9            Paragraph 14 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

10   to the allegations in paragraph 14 of the COMPLAINT, and on that basis, Defendant denies them.

12           Paragraph 15 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

13   to the allegations in paragraph 15 of the COMPLAINT, and on that basis, Defendant denies them.

14           Paragraph 16 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

15   to the allegations in paragraph 16 of the COMPLAINT, and on that basis, Defendant denies them.

16

17           Paragraph 17 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

18   to the allegations in paragraph 17 of the COMPLAINT.  and on that basis, Defendant denies them.

19           Paragraph 18 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

20   to the allegations in paragraph 18 of the COMPLAINT, and on that basis, Defendant denies them.

21           Paragraph 19 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

22   to the allegations in paragraph 19 of the COMPLAINT, and on that basis, Defendant denies them.

23

24           Paragraph 20 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

25   to the allegations in paragraph 20 of the COMPLAINT, and on that basis, Defendant denies them.

26           Paragraph 21 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

27   to the allegations in paragraph 21 of the COMPLAINT, and on that basis, Defendant denies them.

28

Paragraph 22 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 22 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 23 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 23 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 24 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 24 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 25 of the COMPLAINT:   Defendant denies receiving a letter dated December 13, 2007,   and Defendant lacks information sufficient to form a belief as to the allegations that plaintiff wrote or the subject matter of said alleged letter and on that basis but denies said allegations. Defendant admits that it did not respond to a letter that it never received.

Paragraph 26 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 26 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 27 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 27 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 28 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 28 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 29 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations relating to plaintiff's actions contained in paragraph 29 of the COMPLAINT, and on that basis, Defendant denies them.   Defendant generally denies each and every other allegation of paragraph 29 of the COMPLAINT.  Furthermore, the phrase "remedial work" is vague, and the term "inaccessible elements" is vague.

Paragraph 30 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 30 of the COMPLAINT, and on that basis, Defendant denies them. Furthermore, paragraph 30(e) is vague and ambiguous.

Paragraph 31 of the COMPLAINT:  Defendant denies it had any intent not to comply with the ADA at any time.  Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 31 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 32 of the COMPLAINT:  Defendant does not know the content of Exhibit A allegedly attached to the COMPLAINT,   and thus lacks information sufficient to form a belief as to the allegations relating to said letter.  Defendant denies every receiving a letter.  Defendant generally denies each and every other allegation of paragraph 32 of the COMPLAINT.

Paragraph 33 of the COMPLAINT:  Defendant hereby generally denies each and every allegation of paragraph 33 of the COMPLAINT.

Paragraph 34 of the COMPLAINT:  This answering defendant denies each and every allegation of paragraph 34 of the COMPLAINT.  As to Defendant Law Sze Ching and Chan Wei Yung,   Defendant lacks information sufficient to form a belief as to the allegations alleged in paragraph 34 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 35 of the COMPLAINT:  Defendant lacks information sufficient to form a belief as to the allegations in paragraph 35 of the COMPLAINT, relating to Plaintiff's emotional and mental injuries, and on that basis, Defendant denies them.   Defendant generally denies each and every other allegation of paragraph 35 of the COMPLAINT.

Paragraph 36 of the COMPLAINT:  Defendant lacks information sufficient to form a belief as to the allegations in paragraph 36 of the COMPLAINT, relating to Plaintiff's emotional and mental injuries, and on that basis, Defendant denies them.

Paragraph 37 of the COMPLAINT:  Defendant generally denies each and every allegation in paragraph 37 of the COMPLAINT.

Paragraph 38 of the COMPLAINT:  This answering Defendant generally denies each and every allegation of paragraph 38 of the COMPLAINT.  As to Law Sze Ching and Chan Wei Yung,

Defendant lacks information sufficient to form a belief as to the COMPLAINT alleged in paragraph 38 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 39 of the COMPLAINT:   Defendant denies it has "carried out" any construction alterations.  Defendant generally denies each and every allegation of paragraph 39 of the COMPLAINT.

Paragraph 40 of the COMPLAINT:   Defendant admits that Plaintiff seeks relief.

Paragraph 41 of the COMPLAINT:   Defendant admits that Plaintiff seeks relief.

Paragraph 42 of the COMPLAINT:   Defendant hereby generally denies each and every allegation of paragraph 42 of the COMPLAINT.

Paragraph 43 of the COMPLAINT:   Defendant generally denies each and every allegation in paragraph 43 of the COMPLAINT, save for admitting that plaintiff seeks an order.

Paragraph 44 of the COMPLAINT:   Defendant generally denies each and every allegation in paragraph 44 of the COMPLAINT.

Paragraph 45 of the COMPLAINT:   Defendant generally denies each and every allegation of paragraph 45 of the COMPLAINT.

Paragraph 46 of the COMPLAINT:   Defendant denies it has received any such notice and denies each and every remaining allegation of paragraph 46 of the COMPLAINT.

Paragraph 47 of the COMPLAINT:  Defendant lacks information sufficient to form a belief as to the COMPLAINT alleged in paragraph 47 of the COMPLAINT, and on that basis, Defendant denies them.  Defendant denies this paragraph as to DREES, as it is not a natural person.

Paragraph 48 of the COMPLAINT:   Defendant admits the COMPLAINT so states.

Paragraph 49 of the COMPLAINT:   Defendant can neither admit nor deny for lack of personal knowledge that "findings" were made and therefore denies each and every allegation of

paragraph 49 of the COMPLAINT.  Defendant asserts that the allegations of paragraph 49 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 50 of the COMPLAINT:   Defendant can neither admit nor deny for lack of personal knowledge that "Congress stated as its purpose" the language cited therein,   and therefore denies each and every allegation of paragraph 50 of the COMPLAINT.  Defendant asserts that the allegations of paragraph 50 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 51 of the COMPLAINT:   Defendant can neither admit nor deny for lack of personal knowledge that "Congress passed" certain statutes in relation to one or another statute. Defendant denies each and every other allegation of paragraph 51 of the COMPLAINT.  Defendant asserts that the allegations of paragraph 51 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 52 of the COMPLAINT:   Defendant admits that the statute cited contains the language as set forth in the COMPLAINT.  Defendant asserts that the allegations of paragraph 52 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 53 of the COMPLAINT:   Defendant admits that the statute cited contains the language as set forth in the COMPLAINT.  Defendant assert that the allegations of paragraph 53 are merely conclusions of law to which no responsive pleading by Defendant is required. Defendant generally denies each and every other allegation contained in paragraph 53 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 54 of the COMPLAINT:  Defendant generally denies each and every allegation in paragraph 54 of the COMPLAINT.

Paragraph 55 of the COMPLAINT:   Defendant generally denies each and every allegation in paragraph 55 of the COMPLAINT.

1    Paragraph 56 of the COMPLAINT:   Defendant denies performing modifications.   Defendant

2    lack information sufficient to form a belief as to the allegations in paragraph 56 of the COMPLAINT,

3    and on that basis, Defendant denies them.

4    Paragraph 57 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

5    to the allegations in paragraph 57 of the COMPLAINT, and on that basis, Defendant denies them.

6    Defendant asserts that the allegations of paragraph 57 save for allegations regarding plaintiff's intent,

7    are merely conclusions of law to which no responsive pleading by Defendant is required.

8

9    Paragraph 58 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as

10   to the allegations in paragraph 58 of the COMPLAINT, and on that basis, Defendant denies them.

12   Defendant assert that the allegations of paragraph 58 save for allegations regarding plaintiff's return to

13   the premises, are merely conclusions of law to which no responsive pleading by Defendant is

14   required.

15

16   Paragraph 59 of the COMPLAINT:   Defendant admits Plaintiffs seek said relief.

17   Paragraph 60 of the COMPLAINT:   Defendant admits the COMPLAINT so states.

18   Paragraph 61 of the COMPLAINT:   Defendant admits the statute so states.  Defendant asserts

19   that the allegations of paragraph 61 are merely conclusions of law to which no responsive pleading by

20   Defendant is required.

21   Paragraph 62 of the COMPLAINT:   Defendant admits the statute so states.  Defendant asserts

22   that the allegations of paragraph 62 are merely conclusions of law to which no responsive pleading by

23   Defendant is required.

24

25   Paragraph 63 of the COMPLAINT:   Defendant admits the statute so states.  Defendant asserts

26   that the allegations of paragraph 63 are merely conclusions of law to which no responsive pleading by

27   Defendant is required.

28

Paragraph 64 of the COMPLAINT:    Defendant denies it knowingly or willfully failed or refused to remove any alleged architectural at the subject property.  Defendant lacks information sufficient to form a belief as to the allegations in paragraph 64 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 65 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 65 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 66 of the COMPLAINT:    Defendant admit that it operates the business, and denies that it designed or constructed the entrance thereto.  Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 66 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 67 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 67 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 68 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 68 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 69 of the COMPLAINT:    Defendant lacks information sufficient to form a belief as to the allegations in paragraph 69 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 70 of the COMPLAINT:  Defendant admits the COMPLAINT so states.

Paragraph 71 of the COMPLAINT:    Defendant admits the statute so states.  Defendant asserts that the allegations of paragraph 71 are merely conclusions of law to which no responsive pleading by Defendant is required.

.Paragraph 72 of the COMPLAINT:  Defendant admits the statute so states.  Defendant lacks information sufficient to form a belief as to the allegations in paragraph 72 of the COMPLAINT, and on that basis, Defendant denies them.   Defendant assert that the allegations of paragraph 72 relating to statute are merely conclusions of law to which no responsive pleading by Defendant is required.

DEFENDANT  KING OF THAI NOODLE #2, INC., A California Corporation  ANSWER TO  COMPLAINT
C 08-1877-WHA

Paragraph 73 of the COMPLAINT:   Defendant admits the statute so states.  Defendant asserts that the allegations of paragraph 73 are merely conclusions of law to which no responsive pleading by Defendant is required.   Defendant generally denies each and every other allegation of paragraph 73.

Paragraph 74 of the COMPLAINT:   Defendant admits.

Paragraph 75 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 75 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 76 of the COMPLAINT:   Defendant admits that Plaintiffs are seeking said expenses but denies its acts or omissions caused Plaintiffs to incur any legal fees.

Paragraph 77 of the COMPLAINT:   Defendant admits the COMPLAINT so states.

Paragraph 78 of the COMPLAINT:   Defendant admits the COMPLAINT so states.

Paragraph 79 of the COMPLAINT:   Defendant denies it failed to act reasonably and prudently or that or that he was negligent per se.  Defendant admits the statute includes the language stated in the COMPLAINT.  Defendant asserts that the allegations of paragraph 79 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 80 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 80 of the COMPLAINT, and on that basis, Defendant denies them. Defendant asserts that the allegations of paragraph 80 relating to statutory language are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 81 of the COMPLAINT:  Defendant lacks information sufficient to form a belief as to the allegations in paragraph 80 of the COMPLAINT, and on that basis, Defendant denies them. Defendant admits the statute includes the language stated in the COMPLAINT.  Defendant asserts that the allegations of paragraph 81 as to statutory language are merely conclusions of law to which no responsive pleading by Defendant is required.

DEFENDANT  KING OF THAI NOODLE #2, INC., A California Corporation  ANSWER TO  COMPLAINT
C 08-1877-WHA

Paragraph 82 of the COMPLAINT:   Defendant denies it designed or constructed the entrance to said property.  Defendant lacks information sufficient to form a belief as to the other allegations in paragraph 82 of the COMPLAINT, and on that basis, Defendant denies them.

Paragraph 83 of the COMPLAINT:   Defendant lacks information sufficient to form a belief as to the allegations in paragraph 83 of the COMPLAINT, and on that basis, Defendant denies them.

WHEREFORE, Defendant prays as set forth below.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses", Defendant does not thereby allege or admit that this Defendant has the burden of proof with respect to any of said matters, or that Plaintiffs has properly asserted any cause of action against this Defendant.  Without admitting any of the allegations of the COMPLAINT, Defendant alleges separate and affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

The COMPLAINT fails to state sufficient facts to constitute a cause of action against this answering Defendant upon which relief can be granted and that the acts complained of in the COMPLAINT do not constitute a denial of access or evidence a policy of denying access to persons with disabilities.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to act reasonably to mitigate his damages, if any; there might be which Defendant specifically denies.

## THIRD AFFIRMATIVE DEFENSE

Defendant are informed and believes and that on that basis alleges that the alleged claims of

DEFENDANT  KING OF THAI NOODLE #2, INC., A California Corporation  ANSWER TO  COMPLAINT
C 08-1877-WHA

1  Plaintiffs are barred by the doctrine of unclean hands.

2

3                          FOURTH AFFIRMATIVE DEFENSE

4        Plaintiffs have waived any rights, which he might otherwise have arising from any acts,

5  omissions or breaches of Defendant.

6

7                           FIFTH AFFIRMATIVE DEFENSE

8        Plaintiffs are estopped to complain of any act or omission on the part of Defendant.

9

10                          SIXTH AFFIRMATIVE DEFENSE

12       Defendant are, and at all relevant times was, in compliance with all applicable statutes,

13  ordinances, laws or regulations that may applicable to the subject property.

14

15                         SEVENTH AFFIRMATIVE DEFENSE

16       All construction and/or reconstruction of the subject property,  if any there were,  was

17  undertaken and performed in compliance with the affirmative direction by and/or approval of the

18  enforcement agency(ies) having jurisdiction over the property.

19

20                          EIGHTH AFFIRMATIVE DEFENSE

21       The COMPLAINT, and each cause of action thereof, is barred by the applicable statutes of

22  limitation.

23

24                          NINTH AFFIRMATIVE DEFENSE

25       The COMPLAINT, and each cause of action thereof, fails to state facts sufficient to constitute

26  a cause of action or claim for statutory damages or attorney fees against this answering Defendant.

27

28                          TENTH AFFIRMATIVE DEFENSE

         At the time of the incidents alleged in the Plaintiffs' COMPLAINT, Plaintiffs failed to

                                              -12-

1  exercise reasonable or ordinary care for their own safety such that the injuries and damages allegedly

2  sustained by Plaintiffs were proximately caused or contributed to by his own negligence.  Plaintiffs

3  could have avoided the injury by the exercise of ordinary care.

4

5                              ELEVENTH AFFIRMATIVE DEFENSE

6       Plaintiffs have unreasonably delayed in bringing this action to the prejudice of the answering

7  Defendant and are therefore barred from bringing this action by the Doctrine of Laches.

8

9                              TWELFTH AFFIRMATIVE DEFENSE

10      Plaintiffs are at fault, through their own negligence or otherwise, in and about the matters

12  referred to in the COMPLAINT, and such fault on the part of Plaintiffs proximately caused and

13  contributed to the damages complained of, if any there are.  This answering Defendant further alleges

14  that any fault not attributable to Plaintiffs was a result of fault on the part of persons and/or entities

15  other than this answering Defendant.  Such fault bars and/or proportionately reduced any recovery by

16  Plaintiffs against this answering Defendant.

17

18                             THIRTEENTH AFFIRMATIVE DEFENSE

19

20      Should Plaintiffs recover damages from this answering Defendant, this answering Defendant is

21  entitled to indemnification, either in whole or in part, from all persons or entities whose negligence

22  and/or fault proximately contributed to Plaintiffs' damages, if any there are.

23

24                             FOURTEENTH AFFIRMATIVE DEFENSE

25      Third persons, including persons or entities unknown to this answering Defendant,

26  intentionally, and/or negligently caused the injuries alleged in Plaintiffs' COMPLAINT; that said acts

27  of these unknown third persons were active, primary, and the proximate cause of the injuries and

28  damages complained of, if any there were any.  Plaintiffs' recovery against this answering Defendant,

1  if any, should be reduced by an amount proportionate to the amount by which such other person or

2  entity's negligence and fault contributed to the happening of the alleged damages.

3

4                              FIFTEENTH AFFIRMATIVE DEFENSE

5          Defendant alleges that Plaintiffs lacks standing to sue and has not been harmed and will not be

6  harmed in the future;   Plaintiffs lacks standing arising from an absence of a redressible injury-in-

7  COMPLAINT, and there is no reality of the threat of repeated injury.  Plaintiffs did not enter the

8  restaurant for purposes of accessing a public accommodation within the meaning of the Title III of the

9  ADA.  Plaintiffs' alleged injury is neither actual nor imminent.  Plaintiffs  lack standing to challenge

10  any ADA violation unrelated to plaintiff Yate's particular disability, as alleged in the COMPLAINT.

12

13                              SIXTEENTH AFFIRMATIVE DEFENSE

14         Defendant alleges that, to the extent Plaintiffs alleges failure to remove barriers, his claim fails

15  in whole or in part because there was no legal obligation to remove barriers in the circumstances of

16  this case.    Removal of the barrier is not readily achievable without undue difficulty and expense.

17  Defendant does not have the resources to remove the barrier.  Existing conditions at the property make

18  it such that removal of the barrier is not readily achievable.

19                            SEVENTEENTH AFFIRMATIVE DEFENSE

20         Defendant alleges that Plaintiffs' claims are barred as to any claims based on construction or

21  alterations that preceded Defendant' operation of the subject premises, or any claims based on work

22  performed by occupants other than Defendant, or claims based on conditions subsequent to

23  Defendant' operation of the premises.

24                             EIGHTEENTH AFFIRMATIVE DEFENSE

25         Defendant alleges that Plaintiffs are not entitled to some or all of the relief sought, and

26  Defendant was not the proximate or legal  cause of damage alleged to Plaintiffs.

                                NINETEENTH AFFIRMATIVE DEFENSE

27         Defendant alleges that Plaintiffs' maintenance of this action is without foundation, vexatious,

28  and unreasonable, entitled Defendant to an award of attorneys' fees in this matter.

1

TWENTIETH AFFIRMATIVE DEFENSE

2

Defendant alleges that its conduct was lawful and subject to the rule of justification.

3

TWENTY-FIRST AFFIRMATIVE DEFENSE

4

Defendant alleges that all acts allegedly committed by Defendant were reasonable and in good

5

faith.

6

TWENTY-SECOND AFFIRMATIVE DEFENSE

7

Defendant alleges that the alleged barriers do not pose a significant risk to the health or safety

8

of Plaintiffs or individuals with disabilities.

9

TWENTY-THIRD AFFIRMATIVE DEFENSE

10

Defendant alleges that Plaintiffs are collaterally estopped from pursuing this action.

12

TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

Defendant alleges that any entry by Plaintiffs into the restaurant at issue was pursuant to the

14

litigation privilege and Plaintiffs are barred from pursuing claims based on such entry.

15

WHEREFORE, Defendant prays this Honorable Court for the following relief:

16

1.    That Plaintiffs take nothing by reason of their COMPLAINT and that Plaintiffs' action

be dismissed with prejudice;

17

2.    For an order that Plaintiffs shall take no relief from his COMPLAINT herein;

18

3.    For an award of Defendant' reasonable attorneys' fees incurred herein; and

19

4.    For such and other further relief as the Court deems proper.

20

Dated: June 26, 2008

21

LAW OFFICES OF JANET BRAYER

22

23

By:    /S/__Janet Brayer_____

24

JANET BRAYER
Attorneys for Defendant

25

KING OF THAI NOODLE #2 INC.

26

27

28

-15-